**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| LEONEL COSTA, on behalf of himself and others similarly situated, | : : : | CIVIL ACTION FILE NO. |
| Plaintiff, | : : | |
| v. | : : | **COMPLAINT – CLASS ACTION** |
| VACATION EXPERTS INTERNATIONAL, LLC | : : : | **JURY TRIAL DEMANDED** |
| Defendant. | : : | |

Plaintiff Leonel Costa (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

**NATURE OF ACTION**

1. As the Supreme Court explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. This case involves a campaign by Vacation Experts International, LLC ("Vacation Experts") to market its time share services through the use of pre-recorded

telemarketing calls in plain violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (hereinafter referred to as the "TCPA").

3. The recipients of Vacation Experts' illegal calls, which include Plaintiff and the proposed Class, are entitled to damages under the TCPA and because the technology used by Vacation Experts makes calls *en masse*, the appropriate vehicle for their recovery is a class action lawsuit.

## PARTIES

4. Plaintiff Leonel Costa is, and at all times mentioned herein was, an individual citizen of Connecticut in this District.

5. Defendant Vacation Experts International, LLC is a Tennessee limited liability company with a registered agent of Stacy Gillispie, 105 Long Springs Rd., Suite 9, Sevierville, TN 37876.

## JURISDICTION AND VENUE

6. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

7. This Court has specific personal jurisdiction over Vacation Experts because the company made telemarketing calls into this District.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the telephone calls at issue were placed into this District.

## TCPA BACKGROUND

<u>The TCPA Prohibits Automated Telemarketing Calls</u>

9. The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or that is charged per the call. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

10. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B). *See* 47 U.S.C. § 227(b)(3).

11. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

12. The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

13. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous

disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,*

27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

## FACTUAL ALLEGATIONS

14. Defendant Vacation Experts is a "person" as the term is defined by 47 U.S.C. § 153(39).

15. Plaintiff Costa's telephone number, XXX-714-XXXX, is registered to a cellular telephone service and has been for years prior to his receipt of the calls at issue.

16. The Plaintiff Costa received at least fifteen telemarketing calls from the Defendant.

17. The Defendant called the Plaintiff on the follow dates in 2019: February 27, March 20, May 6, 13, July 4, 24, September 16, October 14, November 12, December 3.

18. The Defendant called the Plaintiff on the follow dates in 2020: January 8 and October 15, 2020.

19. The Defendant called the Plaintiff on the follow dates in 2021: January 7, February 16, March 18, April 7 and April 28, 2021.

20. The calls solicited the Plaintiff to Vacation Experts timeshare rental services.

21. The pre-recorded messages were all substantially similar in content, stating:

> If you have a timeshare and you like to get rid of it…We do not try to sell your timeshare order we try to rent it out for you. We actually make an offer to purchase it from you We cover all the cost of the title work and all the costs of the transfer. Please give us a call at 877-263-9914.

22. 877-263-9914 is a telephone number for the Defendant.

23. The Plaintiff has never done business with the Defendant.

24. Plaintiff did not provide his prior express written consent to receive the telemarketing calls at issue.

25. The Defendant's calling conduct has been widespread.

26. The Better Business Bureau has received several complaints related to Vacation Experts calling conduct:

> REPEATEDLY CALLS ME TO HAVE ME SELL A TIMESHARE WHICH I DO NOT HAVE. WHEN CALLING THEIR NUMBER TO REMOVE ME FROM THEIR LIST, THERE IS JUST A LOUD NOISE PREVENTING ME FROM LEAVING MESSAGE. CALLS MORE THAN ONCE A DAY!!!

> This company calls my place of business and leaves voicemails at least three times a week. I have politely asked them to remove me from their list as I never would have signed up for this and was told "Obviously you did, because we have your number." Why on earth would I give anyone my work number? Especially a scam time share company. I want them to stop calling my place of business.

> I have asked this company numerous times to stop robo calling me. We reviewed their product and were not interested. They continue to call. I have received several calls a month from VEI and have asked on numerous occasions that they remove me from their calling list. I've reported them on the do not call list and even left them several messages telling them I would contact an attorney if they didn't stop calling me. That is my next step if they continue to harass me. We listened to their speel months ago a declined to move forward with their offer. Please stop the calls or we will contact our attorney.

> Harassing voicemails despite do not call requests.

*See* https://www.bbb.org/us/tn/sevierville/profile/vacation-timeshare/vacation-experts-international-llc-0533-90019235/complaints (Last Visited September 22, 2021).

27. The calls were not necessitated by an emergency.

28. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated, they were annoyed and harassed, and, in some instances, they were charged for incoming calls. Plaintiff and the Class Members were also harmed by use of their telephone power and network bandwidth and the intrusion on their telephone that occupied it from receiving legitimate communications.

## CLASS ACTION ALLEGATIONS

29. Plaintiff brings this action on behalf of herself and the following Class (the "Class") pursuant to Federal Rule of Civil Procedure 23.

30. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> **Robocall Class:** All persons within the United States: (1) to whose cellular telephone number or other number for which they are charged for the call (2) Defendant (or an agent acting on behalf of Defendant) placed a telemarketing call (3) within the four years prior to the filing of the Complaint (4) using an identical or substantially similar pre-recorded message used to place telephone calls to Plaintiff.

31. Plaintiff Costa is a member of and will fairly and adequately represent and protect the interests of this class as he has no interests that conflict with any of the class members.

32. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

33. Plaintiff and all members of the Class have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time,

the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

34. This Class Action Complaint seeks injunctive relief and money damages.

35. The Class as defined above are identifiable through the Defendant's dialer records, other phone records, and phone number databases.

36. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds in each class.

37. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

38. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

39. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions which may affect individual Class members.

40. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

>   (a) Whether the Defendant used pre-recorded message to send telemarketing calls;
>
>   (b) whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;
>
>   (c) whether Defendant's conduct constitutes a violation of the TCPA; and
>
>   (d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

41. Further, Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests which are antagonistic to any member of the Class.

42. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.

43. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

44. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

45. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## FIRST CAUSE OF ACTION

### Violation of the Telephone Consumer Protection Act
### 47 U.S.C. 227(b) on behalf of the Robocall Class

46. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

47. The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the

cellular telephone numbers of Plaintiff and members of the Class delivering pre-recorded messages.

48. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $500 in damages for each and every call made to their residential or cellular telephone numbers using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

49. If the Defendant's conduct is found to be knowing or willful, the Plaintiff and members of the Class are entitled to an award of up to treble damages.

50. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any cellular telephone numbers using an artificial or prerecorded voice in the future.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, using a pre-record message in the future;

B.      That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

C.      An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

D.      Such other relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated: September 22, 2021

PLAINTIFF, individually and
on behalf of others similarly situated,

By:

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
[o] (617) 485-0018
[f] (508) 318-8100
anthony@paronichlaw.com